IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS SCARANTINO | : CIVIL ACTION |
| | : |
| v. | : |
| | : NO. 17-3700 |
| CDI CORP, *et al* | : |
| | : CONSOLIDATED WITH |
| | : |
| | : NO. 17-3787 (Jurmu) |
| | : NO. 17-3839 (Carter) |
| | : |

## ORDER

AND NOW, this 19th day of September 2017, upon considering the attached Stipulation confirming the Plaintiffs voluntarily dismiss this case with prejudice as to each individual Plaintiff, and following yesterday's conference with all counsel, it is **ORDERED** this case is **DISMISSED** under Local Rule 41.1 and the Clerk of Court shall **CLOSE** each of the three cases consolidated under this caption.[1]

_____
KEARNEY, J.

---

[1] Local Rule 41.1(b) provides:

> [a]ny such order of dismissal may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal, provided the application of the ninety-day time limitation is consistent with Federal Rule of Civil Procedure 60(c).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS SCARANTINO, | CIVIL ACTION |
| v. | |
| CDI CORP., *et al.* | NO. 17-03700 (Scarantino) |
| | CONSOLIDATED WITH |
| | NO. 17-3787 (Jurmu) |
| | NO. 17-3839 (Carter) |

**STIPULATION AND [PROPOSED] ORDER OF DISMISSAL**

WHEREAS, on July 31, 2017, CDI Corp. ("CDI") announced that it had entered into an Agreement and Plan of Merger with affiliates of a private equity firm, AE Industrial Partners, LLC ("AEI"), by which AEI would commence a tender offer (the "Tender Offer") to acquire all of the outstanding shares of CDI at a purchase price of $8.25 per share in cash;

WHEREAS, on August 14, 2017, CDI filed a Recommendation Statement on a Schedule 14D-9 (the "Recommendation Statement") with the United States Securities and Exchange Commission ("SEC");

WHEREAS, on August 17, 2017, plaintiff Louis Scarantino filed a putative class action lawsuit alleging defendants violated Sections 14(d), 14(e), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") in connection with the Recommendation Statement, captioned: *Scarantino v. CDI Corp, et al.*, Case No. 2:17-cv-03700-MAK (the "Scarantino Action");

WHEREAS, on August 24, 2017, plaintiff Robert J. Jurmu ("Plaintiff") filed a putative class action lawsuit alleging defendants violated Sections 14(d), 14(e), and 20(a) of the Exchange Act in connection with the Recommendation Statement, captioned: *Jurmu v. CDI Corp, et al.*, Case No. 2:17-cv-03787-MAK (the "Jurmu Action");

1

WHEREAS, on August 25, 2017, plaintiff Peter Carter filed a putative class action lawsuit alleging defendants violated Sections 14(d), 14(e) and 20(a) of the Exchange Act in connection with the Recommendation Statement, captioned: *Carter v. CDI Corp, et al.*, Case 2:17-cv-03839-MAK (the "Carter Action");

WHEREAS, the Scarantino Action, the Jurmu Action, and the Carter Action are collectively referred to as the "Actions;"

WHEREAS, on August 28, 2017, plaintiff Carter, joined by plaintiffs Scarantino and Jurmu (collectively, "Plaintiffs"), filed a Motion for Preliminary Injunction ("Preliminary Injunction Motion");

WHEREAS, on September 1, 2017, the parties to the Actions filed with the Court a stipulation and proposed order consolidating the Actions;

WHEREAS, on September 5, 2017, the Court ordered the Jurmu Action and Carter Action consolidated into the Scarantino Action;

WHEREAS, on September 5, 2017, plaintiff Carter withdrew his Preliminary Injunction Motion after CDI represented to Plaintiffs that it intended to file supplemental disclosures ("Supplemental Disclosures");

WHEREAS, on September 5, 2017, CDI filed the Supplemental Disclosures in Amendment No. 4 to the Recommendation Statement with the SEC;

WHEREAS, on September 12, 2017, AEI completed the Tender Offer and the merger closed on September 13, 2017;

WHEREAS, Plaintiffs believe and contend that the Supplemental Disclosures were material and mooted the meritorious claims set forth in their respective complaints;

WHEREAS, Plaintiffs assert that the prosecution of the Actions caused defendants to issue the Supplemental Disclosures and that Plaintiffs' counsel believe they have the right to seek and recover attorneys' fees and expenses in connection with the purported common benefit provided to CDI stockholders as a result of the filing of the Supplemental Disclosures;

WHEREAS, Plaintiffs' counsel have informed defendants that Plaintiffs intend to petition the Court for such fees and expenses if their claim cannot be resolved through negotiations between counsel for Plaintiffs and defendants (the "Fee and Expense Application");

WHEREAS, defendants assert that the Supplemental Disclosures were not material or required to be made, deny that any claim in the Actions is or was meritorious, and deny that they violated any law or engaged in any wrongdoing;

WHEREAS, the parties agree and respectfully request that this Court retain jurisdiction over the Actions for the sole purpose of considering a prospective Fee and Expense Application in the event the parties are unable to reach an agreement and such an application becomes necessary;

WHEREAS, Defendants reserve the right to oppose, in whole or in part, any Fee and Expense Application;

WHEREAS, no class has been certified in this Action; and

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly to Plaintiffs or their attorneys and no promise, understanding, or agreement to give any such compensation has been made, nor have the parties had any discussions concerning the amount of any mootness fee;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys for the respective parties:

1. Plaintiffs hereby voluntarily dismiss the Actions, with prejudice to the Plaintiffs and without prejudice to all other members of the putative class.

2. Because the dismissal is without prejudice as to the putative class, and no consideration or compensation has been given or promised to Plaintiffs or their counsel and no class has been certified, no notice of this dismissal is required.

3. The Court retains continuing jurisdiction of the Actions solely for purposes of further proceedings related to the adjudication of the Fee and Expense Application, if such an application becomes necessary. If the parties are unable to reach agreement, they will ask the Court to set a stipulated briefing and hearing schedule for the potential Fee and Expense Application. If the parties reach an agreement concerning the Fee and Expense Application, they will notify the Court. Upon such notification, the Court will close the Actions.

4. This Stipulation is entered without prejudice to any right, position, claim, or defense any party may assert with respect to the Fee and Expense Application, which includes the defendants' right to oppose the Fee and Expense Application in its entirety if such an application is filed.

Dated: September 15, 2017

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
Brian D. Long (PA Bar No. 82370)
Gina M. Serra (PA Bar No. 308207)
2 Righter Parkway, Suite 120
Wilmington, DE 19803
(302) 295-5310

**RM LAW, P.C.**

By: /s/ *Richard A. Maniskas*
Richard A. Maniskas (PA Bar No. 85942)
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
(484) 324-6800

*Attorneys for Plaintiff Louis Scarantino*

Case 2:17-cv-03787-MAK Document 7 Filed 09/19/17 Page 6 of 7

|  |  |
|---|---|
| **OF COUNSEL:**<br><br>**LEVI & KORSINSKY LLP**<br>Donald J. Enright<br>Elizabeth K. Tripodi<br>1101 30th Street, NW<br>Suite 115<br>Washington, DC 20007<br>(202) 524-4291 | **RM LAW, P.C.**<br><br>By: /s/ Richard A. Maiskas<br>Richard A. Maniskas (PA Bar No. 85942)<br>1055 Westlakes Drive, Suite 300<br>Berwyn, PA 19312<br>(484) 324-6800<br><br>*Attorneys for Plaintiff Robert J. Jurmu* |
| **OF COUNSEL:**<br><br>**FARUQI & FARUQI, LLP**<br>Nadeem Faruqi<br>James M. Wilson, Jr. (*Pro Hac forthcoming*)<br>685 Third Ave., 26th Fl.<br>New York, NY 10017<br>(212) 983-9330<br><br>Email: jwilson@faruqilaw.com | **FARUQI & FARUQI, LLP**<br><br>By: /s/ Stuart J. Guber<br>Stuart J. Guber<br>101 Greenwood Avenue, Suite 600<br>Jenkintown, PA 19046<br>(215) 277-5770<br><br>*Counsel for Plaintiff Peter Carter* |
|  | **DECHERT LLP**<br><br>By: /s/ Stuart T. Steinberg<br>Steven B. Feirson<br>steven.feirson@dechert.com<br>Stuart T. Steinberg (PA Bar No. 82196)<br>stuart.steinberg@dechert.com<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104<br>P: (215) 994-4000<br>F: (215) 994-2222<br><br>*Counsel for CDI Corp., Joseph L. Carlini, Michael J. Emmi, Walter R. Garrison, Lawrence C. Karlson, Ronald J. Kozich, Anna M. Seal, Albert E. Smith, and Barton J. Winokur* |

5

**SO ORDERED** this ___ day of _____. 2017.

                                                                             _____
                                                                             HON. JUDGE MARK A. KEARNEY
                                                                             United States District Court Judge